Argued January 22, affirmed February 5, costs taxed February 13, 1929.

## OREGON–WASHINGTON RAILROAD & NAVIGATION CO. v. HAL E. HOSS, SECRETARY OF STATE.

(274 Pac. 314.)

For appellant there was a brief over the name of *I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Willis S. Moore,* Assistant Attorney General.

For respondent there was a brief over the names of *Mr. A. C. Spencer, Mr. Roy F. Shields,* and *Mr. F. J. Betz,* with oral arguments by *Mr. Betz* and *Mr. Shields.*

McBRIDE, J.—Substantially, the defense here is the statute of limitations. It is conceded that, if plaintiff had complied literally with the terms of

Chapter 412, Laws 1921, as amended by Section 1 of Chapter 274, Laws 1923, and as further amended by Chapter 23, Laws 1925, it would be entitled to have refunded to it the amount claimed in the complaint.

As shown by the complaint, the plaintiff had a contract for the purchase of gasoline from the Continental Oil Company whereby plaintiff obligated itself to pay to the Continental Oil Company any amount of the tax, which as a dealer, the oil company might be required to pay to the State of Oregon upon gasoline purchased by plaintiff. The oil company assumed that, under the law, it was not required to pay any tax upon oil sold defendant for use upon motors not used upon the highways of the state and did not include such amount in its regular invoices to plaintiff; but, by reason of subsequent decisions of this and other courts, concluded that it was compelled to pay such charges, and, thereupon, and at the dates mentioned in the complaint and statement herein, paid such taxes and sent the plaintiff a corrected invoice containing the item of $1,512.02, sued for herein, which amount plaintiff, as required by the contract, paid to the oil company. Thereafter, and on the thirtieth day of April, 1927, and within a few days after said corrected invoices were received and the sum above mentioned had been paid to the oil company, plaintiff presented its claim duly verified together with the originals of the corrected invoices and demanded payment of the refund prescribed by Section 11, Chapter 412, Laws 1921, as amended by Chapter 23, Laws 1925.

It is claimed by the defendant that the application comes too late, not having been filed within one year from the date of purchase or invoice. The intent of the law is evident. It was designed by the act, as

indicated by the title, to collect a tax, then one cent a gallon, and, later, by amendment, two cents a gallon upon all gasoline sold for the purpose of being used on motor vehicles using the highways of the state, and to exempt from such burden gasoline used for other motor purposes. It being difficult, if not impossible, for the dealer in that commodity to ascertain for what purpose gasoline purchased from such dealer would be applied, he was charged by the state with two cents a gallon on all gasoline sold by him, leaving the consumer to apply for a rebate of two cents a gallon on all gasoline used by him for the excepted purposes.

1–3. The title to the original act is somewhat vague, and, while it probably contains enough to save it from the ban of unconstitutionality, was very plausibly construed by the oil company as not requiring dealers to collect or invoice the amount of tax on sales for purposes other than for use upon highway vehicles; and, acting on that construction, it did not include in its invoices the amount of such tax. Later, when judicial decisions and further investigation convinced the oil company that its position was incorrect, it voluntarily paid the amount of tax, $1,512.02, to the Secretary of State and furnished corrected and true invoices of its sales to plaintiff, who, thereupon, was compelled by the terms of its contract to repay to the oil company the amount of such tax; and thereupon, but more than a year after the sale and the reception of the first and admittedly incorrect invoice, made a claim as heretofore stated. The latest date at which such claim could be made was one year after the invoice, and the first and correct invoice, which included the tax, was made in April, 1927. The application of plaintiff for a refund was made within 30 days after-

ward. It is practically conceded that the parties acted in good faith and not with any corrupt inten-, tion of evading the law. It was not the intent of the law to permit the state to apply taxes collected from sales of gasoline used for other than highway purposes to its own use. As to such money, it was merely a trustee to hold and refund upon proper application. In fact, while the treasurer was directed to pay the taxes collected over to the highway commission, he was also directed to keep on hand $5,000 for the purpose of complying with the refunding provisions of the act. The method adopted was simply intended as a convenient way of ascertaining as nearly as possible the quantity of gasoline actually consumed in vehicles using the highways. The method, in brief and as far as it applies here, was to compel the dealer to pay two cents a gallon on all gasoline sold by him and afterward, on the presentation of proper affidavits, to refund the amount used for other than highway purposes to the consumer, who, in effect, had been compelled to pay the additional tax. In effect, the state, having this money in trust for the consumer, had a right to fix a limit on the time when application for a refund should be made. By the demurrer, the defendant in effect says: "It is true the state has plaintiff's money, but it failed to make application for its repayment within a year and therefore the state will keep it." However inequitable as this position may be, a fair construction of the law supports it if applicable to the case in hand and plaintiff must lose the money it was compelled to pay to the oil company. But courts should not strain the law in order to enforce an inequitable forfeiture, and we hold that the last invoice furnished plaintiff by the oil company, being the only invoice

containing this item of taxes paid, fixed the date when the statute began to run and that plaintiff's application was in time and not barred by the statutory limitation.

4. Some stress is laid by defendant upon the fact that the statute as amended by Chapter 23, Laws 1925, requires that the affidavit for a refund must be accompanied by the "original invoice." Counsel for defendant construes this to refer to the *first* invoice, concededly erroneous, furnished when the gasoline was sold plaintiff, but it is clear the word "original" as there employed is used in contradistinction to a copy and not in reference to time. Such a contingency as occurred here was evidently not in the legislative mind.

The decree of the Circuit Court is affirmed.

AFFIRMED.

BELT, ROSSMAN and RAND, JJ., concur.